UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB HALL, | No. 2:13-cv-1732 KJM AC PS |
| Plaintiff, | |
| v. | <u>ORDER AND</u> |
| ALTERNATIVE LOAN TRUST 2006-7CB, ET AL., | <u>FINDINGS & RECOMMENDATIONS</u> |
| Defendants. | |

Pending before the court is plaintiff's August 26, 2013 motion for reconsideration. ECF No. 7. The court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter shall be vacated. Local Rule 230. On review of the motion, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 2013, plaintiff filed a complaint in the Southern District of New York against Alternative Loan Trust 2006-7CB and Does 1-10, <u>Hall v. Alternative Loan Trust 2006-7CB, et al.</u>, 13-cv-5078 (RA). Plaintiff seeks declaratory relief against the defendant New York entities concerning a May 3, 2011 "Assignment of the Deed of Trust" ("the Assignment") purporting to transfer beneficial interest under the Deed of Trust to defendants in real property located at 2422 U Street, Sacramento, CA 95818.

Defendant Alternative Loan Trust 2006-7CB ("ALT") is a common law trust formed under New York law. Compl. ¶ 15. In 2006, ALT filed a Prospectus with the Securities and

1

1 Exchange Commission identifying CWALT, Inc. as the "Depositor" and defendant Bank of New
2 York as the "Trustee."  Compl. ¶¶ 16-20.  ALT also filed a "Form 8-K" with the Securities and
3 Exchange Commission, containing a Pooling and Servicing Agreement ("PSA") governing the
4 pooling and servicing of the ALT.  Compl. ¶¶ 27, 29.  The PSA, like the Prospectus, identifies
5 CWALT, Inc. as the "Depositor" and the Bank of New York as the "Trustee."  Compl. ¶¶ 32-34.

6       On May 3, 2011, the Assignment was executed in California and recorded in the
7 Sacramento County Recorder's Office on May 14, 2011.  Compl. ¶ 41.  The Assignment was
8 executed by Mortgage Electronic Registration Systems, Inc. ("MERS") and purports to transfer to
9 the Bank of New York the Deed of Trust, dated January 19, 2006, "together with the note(s) and
10 obligations therein described and the money due and to become due thereon with interest, and all
11 rights accrued or to accrue under the said Deed of Trust."  Compl. ¶ 45.

12       Plaintiff disputes the validity of the Assignment and its compliance with the PSA and
13 New York laws.  Plaintiff contends that, per the PSA, only the Depositor may make assignments
14 to the trust.  Therefore, MERS's attempt to make an assignment is invalid, and the recorded
15 Assignment now creates "a (false) impression in the public record that Defendant Bank of the
16 Bank [sic] of New York Mellon, fka The Bank of New York as Trustee for the [ALT] (or some
17 other persons claiming to be agents or acting as agents) would pretend that they had a legal right
18 to foreclose on Plaintiff'[s] property."  Compl. ¶¶ 56-57.  Plaintiff also asserts that there may be a
19 violation of California's unfair competition laws.  See Cal. Bus. & Prof. Code § 17200, et seq.
20 Plaintiff seeks declaratory relief that the Assignment is defective, void, and of no force and effect.

21       On August 13, 2013, District Judge Ronnie Abrams of the Southern District of New York
22 transferred this case to this district in the interest of justice, the maximum convenience to the
23 parties and witnesses, and the efficient management of the court's docket.  ECF No. 4; 28 U.S.C.
24 § 1404(a); see also Stewart Org., Inc., Ricoh Corp., 487 U.S. 22, 29 (1988) ("Section 1404(a) is
25 intended to place discretion in the district court to adjudicate motions for transfer according to an
26 'individualized, case-by-case consideration of convenience and fairness.'") (citing Van Dusen v.
27 Barrack, 376 U.S. 612, 622 (1964)).

28       On August 26, 2013, plaintiff filed a motion for reconsideration of Judge Abrams's order,

1  which was referred to the undersigned.  See ECF No. 11.  As there have been no appearances by
2  any defendants, this matter is ready for disposition.

3                                                          DISCUSSION

4         A court may "transfer any civil action to any other district or division where it might have
5  been brought" for the convenience of the parties and witnesses or in the interest of justice.  28
6  U.S.C. § 1404(a).  A court may reconsider a prior ruling of a transferor court when the governing
7  law has been changed by the subsequent decision of a higher court or when new evidence
8  becomes available.  See Crane Co. v. American Standard, 603 F.2d 244, 248-49 (2d Cir. 1979);
9  Peterson v. Lindner, 765 F.2d 698, 704 (7th Cir. 1985).  Reconsideration is also proper when a
10  clear error has been committed or when it is necessary to prevent manifest injustice.  See Arizona
11  v. California, 460 U.S. 605, 618 n.8 (1983).  When an action is transferred, that which has already
12  been done remains untouched; only further proceedings in the case are referred to another
13  tribunal.  Magnetic Eng'g & Mfg. v. Dings Mfg., 178 F.2d 866, 868 (2d Cir. 1950) (L. Hand, J.).
14  Under the law of the case doctrine, a transferee court does not directly review either the transfer
15  order or other rulings of the transferor court.  See In re Cragar Indus., 706 F.2d 503, 505 (5th Cir.
16  1983); Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 168-69 (3d Cir. 1982) (evaluating §
17  1406(a) transfer).  Nevertheless, "[l]aw of the case directs a court's discretion, it does not limit
18  the tribunal's power."  Arizona v. California, 460 U.S. at 618.

19         A motion to retransfer requires the "most impelling and unusual circumstances" or a
20  "manifestly erroneous transfer order" to overcome the law of the case doctrine.  Cragar, 706 F.2d
21  at 505.  "Failure to abide by the original transfer order contains the additional potential mischief
22  of tossing cases back and forth to the detriment of an adjudication of the underlying merits of the
23  case and to the respect due sister courts."  Id.  A plaintiff's choice of forum is ordinarily entitled
24  to considerable deference.  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981).  Nevertheless,
25  in considering retransfer, courts consider whether the original forum is better for reasons which
26  became known after the original transfer order and which were not anticipated.  Cragar, 706 F.2d
27  505.  In determining whether a case should be retransferred, some courts have also considered
28  whether a transfer would prejudice the parties and the private and public interests implicated by a

1  transfer of venue.  See Scarborough v. Nat'l Ass'n of Surety Bond Producers, 474 F. Supp. 2d 64,
2  73 (D.D.C. 2007).

3  Plaintiff moves to transfer this action back to the Southern District of New York for the
4  following reasons: (1) both of the defendants are located in New York, (2) one of the defendants,
5  CWALT, Inc. Alternative Loan Trust 2006-7CB is a common law trust formed under New York
6  state law, (3) this action concerns the defendants' compliance with New York state laws, (4)
7  requiring a California judge to construe New York trust laws could result in a potential conflict
8  with New York case precedent, (5) the complaint requires the interpretation of New York laws,
9  (5) defendants would be prejudiced in a venue other than New York, and (6) defendants and
10 witnesses all reside in New York.

11 Though the court recognizes that the defendants and all witnesses are in New York, the
12 case involves the interpretation and application of New York state laws, and plaintiff originally
13 chose New York as the forum in which to litigate this action, all of these factors were known to
14 Judge Abrams at the time she issued the transfer order and are therefore not "new evidence."
15 Moreover, none of these factors rise to the level of "impelling and unusual circumstances" to
16 justify retransfer.  Lastly, plaintiff has failed to establish that Judge Abrams's transfer order is
17 "manifestly erroneous."

18 Accordingly, IT IS HEREBY ORDERED that the November 6, 2013 hearing on
19 plaintiff's motion to transfer is vacated; and

20 IT IS HEREBY RECOMMENDED that plaintiff's motion for reconsideration (ECF No.
21 7) be denied.

22 These findings and recommendations are submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
24 after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
27 objections shall be served and filed within fourteen days after service of the objections.  The
28 parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 31, 2013

*[signature: Allison Claire]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;hall1732.retransfer

5